No. 04-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 133A

DANNY S. RICHARDS,

      Plaintiff and Appellant,

      v.

KARL KNUCHEL,

      Respondent and Respondent.

ORDER

We affirmed the decision of the District Court of the Sixth Judicial District, Park County, in the above-entitled action on May 31, 2005. Plaintiff and Appellant, Danny S. Richards (Danny) petitioned for rehearing and Defendant and Respondent Karl Knuchel (Knuchel) filed his objections to the Petition for Rehearing.

Rule 34, M.R.App.P., applies to petitions for rehearing. It states:

> A petition for rehearing may be presented upon the following grounds and none other: That some fact, material to the decision, or some question decisive of the case submitted by counsel, was overlooked by the court, or that the decision is in conflict with an express statute or controlling decision to which the attention of the court was not directed.

Danny bases his petition on several grounds that we reviewed, considered, and resolved in our Opinion. Accordingly, we limit our consideration to Danny's contention that we applied the wrong standard of review to the District Court's order.

Danny requests that we reconsider our standard of review analysis in light of the discrepancy between the *de novo* review afforded summary judgment and the "clearly erroneous" standard applied to a district court's findings of fact after a trial. We agree that this legal distinction requires a response, and we grant Danny's petition for rehearing to the extent of making the following nonsubstantive corrections. Strikeouts are deleted and underlined language is added:

> ¶ 24 ~~As this matter comes to us on summary judgment, we conduct our own *de novo* review of the same transcript, record, and arguments of counsel.~~

*Glacier Tennis Club,* ¶ 21. ~~In doing so, however, we must defer to the original trial court's findings of fact absent an abuse of discretion or evidence of clear error.~~ *~~In re Marriage of Foster,~~* ~~2004 MT 326, ¶ 9, 324 Mont. 114, ¶ 9, 102 P.3d 16, ¶ 9. No abuse of discretion can be found where substantial credible evidence supports the trial court's findings and judgment.~~ *~~Foster,~~* ~~¶ 9.~~ Now we pause momentarily to explain the appropriate standard of review to be applied when presented with an appeal of a district court's denial of a lost appeal. The District Court reviewed the actions of the original trial court in the dissolution proceeding, including its findings of fact and conclusions of law. The District Court properly granted Karl's motion for summary judgment having deferred to the original trial court's findings in the dissolution proceeding absent an abuse of discretion, *In re Marriage of Foster,* 2004 MT 326, ¶ 9, 324 Mont. 114, ¶ 9, 102 P.3d 16, ¶ 9, and having reviewed the original trial court's conclusions of law for correctness. *Pablo,* ¶ 12.

¶ 25    We, in turn, pursuant to our usual practice review *de novo* the District Court's grant of summary judgment. *Glacier Tennis Club,* ¶ 21. The record before a district court in a summary judgment proceeding normally includes undisputed facts to which the district court applies the law. *Cole v. Valley Ice Garden,* 2005 MT 115, ¶ 4, 325 Mont. 388, ¶ 4, 113 P.3d 275, ¶ 4. A district court makes no factual findings and resolves no factual disputes at the summary judgment stage. *Cole,* ¶ 4. In a case such as this where Richards appeals the District Court's denial of his lost appeal, however, the record before the District Court included findings of fact entered by the original trial court after a full trial in the dissolution proceeding. The District Court deferred to these factual findings and we too must defer to the original trial court's findings of fact in the dissolution proceeding–the only fact-finding conducted throughout this entire action–absent an abuse of discretion. *Foster,* ¶ 9. Thus, we apply the same rule of review that would have been applied by this Court on direct appeal of the original trial court's findings. *Daugert,* 704 P.2d at 604. And no abuse of discretion can be found under such circumstances where substantial credible evidence supports the original trial court's findings in the dissolution proceeding. *Foster,* ¶ 9.

THEREFORE, IT IS ORDERED that Danny's petition for rehearing is GRANTED to the extent of amending our Opinion as outlined above.

IT IS HEREBY FURTHER ORDERED that, in all other respects, Danny's petition for rehearing is DENIED.

The Clerk of Court is directed to mail a copy of this Order to all counsel of record.

2

DATED this 19th day of July 2005.

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE